IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| **NAWAL ALI,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No.: 18-cv-1385 (AJT/MSN) |
| **BC ARCHITECTS ENGINEERS PLC,** | ) ) ) ) | |
| **Defendant.** | ) ) ) ) | |

**DEFENDANT BC ARCHITECTS' SUPPLEMENT
TO FEE APPLICATION**

BC Architects submits this supplement to its pending fee application (ECF 118) based on Plaintiff's filings in this Court and in the United States Court of Appeals for the Fourth Circuit. In support of the supplement, BC Architects shows the Court the following:

1. On March 31, 2023, this Court granted BC Architects' motion for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1927. ECF 117.  The Court directed BC to file a request for attorneys' fees and costs within 30 days and with supporting documentation.

2. On April 19, 2023, BC filed its application for fees and costs in response to the Court's March 31 Order. ECF 118.  BC identified a total of 129.42 hours and a loadstar of $66,894.10.  Ms. Ali opposed the application on May 3, 2023. ECF 122.  BC filed a reply in support of the fee application on May 9, 2023 (ECF 125) (supplementing fee application with an additional 12.08 hours).

Page 1 of 7

3. On April 30, 2023, before the Court issued any order on the outstanding petition for attorneys' fees and costs, Plaintiff Nawal Ali filed a notice of appeal from the Court's March 31 Order. ECF 119.

4. Mr. Dhali's premature filing of the notice of appeal from the District Court's non-final order has further delayed these proceedings within the meaning of 28 U.S.C. § 1927 and has caused undersigned counsel to engage in additional legal research and strategy analysis in order to determine the proper course of responsive action.

5. BC Architects' research indicates that there is no legal basis or authority to support Plaintiff's filing of a notice of appeal at this stage of the proceedings. The notice of appeal is premature and facially defective on the grounds that the Court's March 31 Order was not a final appealable order. Controlling law holds that the notice of appeal is facially invalid and the District Court may proceed to resolve all outstanding motions without further action or direction from the Court of Appeals.

6. First, 28 U.S.C. § 1291 states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all **_final_** decisions of the district courts of the United States . . . ." (emphasis added). The District Court's March 31 Order was clearly not a final decision; the Order did not establish the amount of attorneys' fees and costs to be imposed upon Mr. Dhali and invited further submissions from the parties on that topic.

7. An abundance of caselaw supports this conclusion. *See Mogan v. Sacks, Ricketts & Case, LLP*, No. 21-cv-08431-TSH, 2022 U.S. Dist. LEXIS 38026, at *5-6 (N.D. Cal. Mar. 3, 2022) ("Because the notice of appeal is premature, it does not divest this Court of jurisdiction to determine the amount of sanctions"); *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) ("the district court does not lose jurisdiction when the litigant

takes an appeal from an unappealable order."); *Automobili Lamborghini S.P.A. v. Garcia*, 467 F. Supp. 3d 385, 394-95 (E.D. Va. 2020) ("'[w]here the deficiency in a notice of appeal, by reason of...reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc).").

8. The Second Circuit has dealt with this scenario multiple times, and has come to the unequivocal conclusion that attorney fee awards that leave open the question of the amount of fees are not final appealable orders. "We have held that orders awarding attorney's fees *as a sanction* are not appealable until the amount of the sanction has been determined. *See Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 133 (2d Cir. 1993); *Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 84-85 (2d Cir. 1993)." *Pridgen v. Andresen*, 113 F.3d 391, 394 (2d Cir. 1997).[1]  There is no caselaw within the Fourth Circuit that casts any doubt on this logical and obvious statement of the law.

9. The fact that Mr. Dhali continued to file oppositions and motions in this Court *after* his April 30 notice of appeal (six documents filed) indicates that even he did not believe that the March 31 Order was a final order under § 1291 nor could he believe that the notice divested this Court of jurisdiction to resolve all pending motions and the fee application

---

[1] The only exception to the rule – not applicable here – is when the attorney fee award appeal may be consolidated with a final judgment on the merits of the underlying action. *See BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir. 1994) ("a fee award that does not specify an amount or a means of determining the amount is not a final decision under 28 U.S.C. § 1291. . . However, we have recognized an exception where the order awarding fees in an amount not yet determined can be consolidated on appeal with a final order." Citations omitted.).

itself. ECF Nos. 118 (fee application); 123-24 (motions for reconsideration); 126/27 (motion for leave to file surreply).[2]

10. On June 8, 2023 counsel for the parties engaged in a mediation session with the mediator for the U.S. Court of Appeals for the Fourth Circuit.  All parties agreed that it was not possible to proceed with the appeal (or mediation) without a final order issued by the District Court.  Yet, Mr. Dhali has refused undersigned counsel's requests that he withdraw the notice of appeal.

11. On this date, BC Architects filed a motion to dismiss the appeal with the U.S. Court of Appeals for the Fourth Circuit for lack of jurisdiction.

12. BC Architects sets forth below the hours incurred conducting research, discussing strategy, and filing this supplement to Mr. Dhali's premature and unsupported notice of appeal and hereby formally supplements its fee application with these hours:

---

[2] To the extent the District Court has refrained from resolving the pending motions because of the docketing of the Fourth Circuit appeal, BC Architects respectfully refers the Court to the authorities cited above for the proposition that a notice of appeal from an interlocutory order does not divest the District Court of jurisdiction.

## Attorney Time Expended by
## BC Architects Engineers' Counsel
## in Response to Plaintiff's Premature Notice of Appeal

| Attorney | Date | Description | Hours |
|---|---|---|---|
| Liebeler | 4/30/23 | Analyze Plaintiff's notice of appeal; review court rules and 28 U.S.C. § 1291; research on whether premature notice of appeal divests District Court of jurisdiction. | 1.0 |
| Liebeler | 7/7/23 | Conference with J. Nichols re filing supplemental notice of authority; review District Court docket re timing of rulings and next Court of Appeals event. | .45 |
| Liebeler | 7/29/23 | Legal research on effect of premature appeal on District Court jurisdiction; email to AJ Dhali with legal research results and request to withdraw appeal. | 1.75 |
| Liebeler | 7/30/23 | Email exchange with AJ Dhali re withdrawal of notice of appeal. | .33 |
| Liebeler | 8/3/23 | Email exchange with AJ Dhali; prepare joint status report to District Court with legal research regarding premature notice of appeal; transmit to AJ Dhali for consent (consent not granted). | 1.5 |
| Liebeler | 8/4/23 | Legal research on final decision requirement for appealability of order; research nationwide for rule re issuance of sanctions order without computation of fee award. | 1.45 |
| Liebeler | 8/6/23 | Draft and revise summary of relevant law regarding premature notice of appeal and supplement to fee request. | 2.0 |
| Nichols | 8/7/23 | Review, revise, and edit draft supplement to fee request; conference with Liebeler re case strategy and filing of supplement; file supplement to fee application. | 1.67 |
| Totals | | | 10.15 |

Time Summary: Liebeler (8.48); Nichols (1.67).

**Supplemented *Total* Fee Request to
Date of This Filing**

| Attorney | Time Period | Hours | Rate | Total Value |
|---|---|---|---|---|
| Lars Liebeler | 2021-23 | 102.02 (fee app.)<br>9.83 (reply)<br>8.48 (supplement)<br>120.33 (total) | $555 | $66,783.15 |
| Jackson Nichols | 2021 | 24.4 (fee app) | $370 | $9,028.00 |
| Jackson Nichols | 2023 | 1.0 (fee app)<br>2.25 (reply)<br>1.67 (supplement)<br>4.92 (Total) | $415 | $2,041.80 |
| Casey J. McKinnon | 2023 | 2.0 | $415 | $830.00 |
|  | **Subtotal:
Legal Fees** |  |  | $78,682.95 |
|  | **Subtotal:
Lit. Expenses** |  |  | $204.77 |
|  | **Bill of Costs** |  |  | $2,404.45 |

Dated: August 7, 2023.

                               Respectfully submitted,

                               */s/ Jackson S. Nichols*
                               Jackson S. Nichols, Esq. (VSB # 87225)
                               Casey J. McKinnon, Esq. (VSB # 84197)
                               Cohen Seglias Pallas Greenhall & Furman PC
                               900 7th Street, N.W., Suite 725
                               Washington, D.C.  20001
                               (202) 466-4110
                               JNichols@CohenSeglias.com

                               --and—

                               */s/ Lars H. Liebeler*
                               Lars H. Liebeler, Esq.
                               *(admitted pro hac vice*)
                               Lars Liebeler PC
                               900 7th Street, N.W., Suite 725
                               Washington, D.C. 20001
                               (202) 774-1510
                               LLiebeler@LHL-LawFirm.com

                               Counsel for Defendant BC Architects Engineers


## CERTIFICATE OF SERVICE

This is to certify that I have on August 7, 2023 served all the parties in this case with this instrument in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this court.

                               */s/ Jackson S. Nichols*
                               Jackson S. Nichols, Esq.

8563005.1 55467-0001